IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CLEARY, | : | Civil No. 3:15-cv-2355 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| NANCY GIROUX, et al., | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner William Cleary ("Cleary"), an inmate currently confined at the State

Correctional Institution in Camp Hill, Pennsylvania, filed the instant petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Cleary challenges a conviction and

sentence imposed in the Franklin County Court of Common Pleas. (Id.). For the reasons

discussed below, the Court will deny the habeas petition.

## I.    Factual Background

The factual background of this case has been summarized by the Pennsylvania

Superior Court as follows:

> On July 6, 2002, at approximately 11:00 a.m., [Cleary's] estranged wife,
> Theresa Cleary, ran out of the front door of her residence at 423 West Main
> Street, Fayetteville, Franklin County, screaming for help. [Cleary] caught her
> in the front yard and stabbed her multiple times with a long-bladed kitchen
> knife, severing both of her jugular veins and her carotid artery. Eyewitnesses
> to the crime called 911, and a radio dispatch informed the police that a
> stabbing occurred at 423 West Main Street.
>
> Three Pennsylvania State Troopers arrived at the scene in different vehicles.

The Troopers approached the scene with their weapons drawn, and they saw Theresa Clear[]y lying motionless on the ground with knife sticking out of her neck. [Cleary] was a few feet away, within reaching distance of the knife, and had open wounds to his neck. The Troopers holstered their weapons and moved [Cleary] a few feet away from Theresa Cleary and the knife. The Troopers then asked [Cleary], "what happened?" [Cleary] replied, "We were supposed to get counseling, then her boyfriend moved in." The Troopers asked [Cleary], "Who stabbed her?" and "Who stabbed you?" [Cleary] said that he stabbed the woman and also himself. The Troopers detained and questioned [Cleary] for less than one minute.

* * *

Theresa Cleary died as a result of her injuries. The Commonwealth charged [Cleary] with first-degree murder.

Commonwealth v. Cleary, 2014 WL 10917427, at *1 (Pa. Super. July 24, 2014).

## II.    State Court Proceedings[1]

Cleary was arrested and charged with first degree murder in the death of Theresa

Cleary. See electronic docket sheet for Commonwealth v. Cleary, No.

CP-28-CR-1220-2002 (Franklin Cty. Ct. Com. Pl.), available at https://ujsportal.pacourts.us.

A three day jury trial was held in the Court of Common Pleas of Franklin County.

See id. On May 18, 2005, Cleary was found guilty of first-degree murder. See id. On June

22, 2005, Cleary was sentenced to a term of life imprisonment without parole. (Doc. 15-8,

---

[1]    A federal habeas court may take judicial notice of state court records. Minney v. Winstead, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court takes judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Franklin County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania.

Sentencing Order).

Cleary filed a timely direct appeal. (*See* Doc. 15-13, pp. 2-14, *Commonwealth v. Cleary*, No. 850 MDA 2010) (Pa. Super.)). On February 14, 2011, the Pennsylvania Superior Court affirmed the judgment of sentence. (*Id.*). Cleary thereafter filed a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Cleary*, No. 459 MAL 2012 (Pa.). On October 23, 2012, the Pennsylvania Supreme Court denied the petition for allowance of appeal. *Id.*

On February 7, 2012, Cleary filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (*See* Doc. 15-16, p. 7, *Commonwealth v. Cleary*, No. 1220-2002, PCRA Memorandum and Order). By agreement with the Commonwealth, the PCRA court permitted Cleary to file a petition for allowance of appeal with the Pennsylvania Supreme *nunc pro tunc* and held the PCRA petition in abeyance. (*See id.*). On November 29, 2012, the Pennsylvania Supreme Court denied allocatur. *Commonwealth v. Cleary*, 55 A.3d 522 (Pa. 2012) (Table). On May 9, 2013, the PCRA court held a hearing on Cleary's petition. (Doc. 15-9, PCRA Hearing Transcript). On August 15, 2013, the PCRA court denied the petition. (Doc. 15-16, pp. 3-20, *Commonwealth v. Cleary*, No. 1220-2002, PCRA Memorandum and Order).

On September 16, 2013, Cleary filed a timely notice of appeal. *Commonwealth v. Cleary*, No. 1643 MDA 2013 (Pa. Super.). On July 24, 2014, the Pennsylvania Superior

3

Court affirmed the decision of the PCRA court. *Commonwealth v. Cleary*, 2014 WL

10917427 (Pa. Super. July 24, 2014). Cleary filed a petition for allowance of appeal with

the Pennsylvania Supreme Court. *Commonwealth v. Cleary*, No. 612 MAL 2014 (Pa.). On

December 23, 2014, the Pennsylvania Supreme Court denied the petition for allowance of

appeal. *Id.*

## III.  Standards of Review

The statutory authority of federal courts to issue habeas corpus relief for persons in

state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to §

2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his

confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439

(1973). "[I]t is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct.

475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based

"on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties

of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

### A.  Exhaustion

Habeas corpus relief cannot be granted unless all available state remedies have

been exhausted, or there is an absence of available state corrective process, or

4

circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999); *see also Nara v. Frank*, 488 F.3d 187, 197-98 (3d Cir. 2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state courts). While the petitioner need not cite "book and verse" of the federal Constitution, *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting

those claims here, *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865

(1995) (quoting *Picard*, 404 U.S. at 275, 92 S.Ct. 509).

## B. Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore,

that review on the merits of the issues presented in a habeas petition is warranted, the

scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in

pertinent part, that an application for a writ of habeas corpus premised on a claim previously

adjudicated on the merits in state court shall not be granted unless:

(1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not

sufficient for the petitioner to show merely that his interpretation of Supreme Court

precedent is more plausible than the state court's; rather, the petitioner must demonstrate

that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*,

171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court

decision to be an unreasonable application of federal law if the decision, "evaluated

objectively and on the merits, resulted in an outcome that cannot reasonably be justified

under existing Supreme Court precedent." *Id.*

6

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301

F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[2]). Mere

disagreement with an inferential leap or credibility judgment of the state court is insufficient

to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362,

408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding

lacks evidentiary support in the state court record or is plainly controverted by evidence

therein should the federal habeas court overturn a state court's factual determination.

*Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

## C.    Ineffective Assistance of Counsel

The Sixth Amendment right to counsel is the right to the effective assistance of

counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984). This right to effective assistance of counsel also extends to the first appeal. *Lewis*

*v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). In *Strickland*, the Supreme Court articulated

a two-prong test in assessing whether a petitioner has been denied the effective assistance

of counsel. *Strickland*, 466 U.S. at 687-88. A petitioner must demonstrate: (1) that his

counsel's representation "fell below an objective standard of reasonableness" and (2) that

such defective performance caused the petitioner prejudice. *See id.*

In evaluating the first prong of the *Strickland* test, the court must be "highly

---

[2]    "If the applicant challenges the sufficiency of the evidence adduced in such State court
proceeding to support the State court's determination of a factual issue made therein, the applicant, if able,
shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to
support such determination."  28 U.S.C. § 2254(f).

8

deferential" toward counsel's conduct. *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." *Rolan v. Vaughn*, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing *Strickland*, 446 U.S. at 689). Notably, courts will not deem counsel ineffective for failing to raise a meritless argument. *Strickland*, 466 U.S. at 691; *United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue, and having prevailed on the motion, it was also reasonably likely that the result of the trial would have been different. *See Thomas v. Varner*, 428 F.3d 491, 502 (3d Cir. 2005).

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy

both prongs of the *Strickland* test. *Carpenter v. Vaughn*, 296 F.3d 138, 149 (3d Cir. 2002). The inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one. *Strickland*, 466 U.S. at 697.

## IV.    Discussion

In the instant petition, Cleary alleges ineffective assistance of trial counsel on the following grounds: (1) trial counsel failed to call forensic psychiatrist Dr. Neil Blumberg as a witness; (2) trial counsel failed to call forensic pathologist Dr. Neil Hoffman as a witness; and, (3) trial counsel failed to call Channelle Weeler as a witness. (Doc. 1). The Court will address these arguments *seriatim*.

### A.    Failure to Call Forensic Psychiatrist Dr. Neil Blumberg

Cleary argues that trial counsel was ineffective for failing to call a forensic psychiatrist as a defense witness. (Doc. 1, pp. 6-7, 11). The Pennsylvania Superior Court affirmed the PCRA court's denial of this claim, and found as follows:

> Cleary next argues that trial counsel was ineffective in failing to call as a witness Dr. Neil Blumberg, M.D., a forensic expert who would allegedly have testified as to Cleary's "state of mind at the time of the incident." [Cleary's] Brief at 11. Trial counsel will not be deemed ineffective for failing to call a witness to testify unless it is demonstrated that:
>
>> (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to

10

petitioner to have denied him or her a fair trial.

*Commonwealth v. Brown*, 18 A.3d 1147, 1160-1161 (Pa. Super. 2011)
(citation omitted), *appeal denied*, 611 Pa. 677, 29 A.3d 370 (2011).

In what has been characteristic of the arguments presented in Cleary's brief, we are presented with a bald claim, not provided with the evidence necessary to analyze the claim, and left to extrapolate a ruling on the merits of the claim. Cleary argues that counsel was ineffective in failing to call Dr. Blumberg as an expert witness regarding Cleary's state of mind when he murdered his estranged wife, but Cleary altogether fails to enlighten this Court as to the substance of the report Dr. Blumberg prepared. Although Cleary alleges that Dr. Blumberg's testimony would have negated premeditation, he provides no citation to the report nor provides any other basis to support Dr. Blumberg's conclusions. Without this necessary evidence we are unable to conclude that the "the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial." *Brown, supra.*

In addition to these omissions on appeal, Cleary's argument also fails because trial counsel had reasonable basis for not calling Dr. Blumberg as a witness. Chief Public Defender Michael Toms testified at the PCRA hearing that there were some "holes" in the report where "we were going to be in trouble." N.T., PCRA Hearing, 5/9/13 at 55. Counsel specifically addressed his concerns with information contained in the report pertaining to a PFA petition Cleary's previous wife had filed against him. *Id.* at 47, 55. Counsel was also concerned that the report indicated that Cleary had received a medical discharge from the Air Force by faking a mental illness, when the defense was based upon mental illness. *Id.* at 55-56. Based upon the vulnerabilities exposed in Dr. Blumberg's report, counsel chose not to present Dr. Blumberg as a witness. *Id.* at 56. As counsel clearly had a rational basis for his decision, Cleary's claim of ineffective assistance in this regard fails.

*Commonwealth v. Cleary*, 2014 WL 10917427, at * 4-5.

In evaluating whether counsel's performance was deficient, this Court "must defer to

counsel's tactical decisions, avoid "the distorting effects of hindsight" and give counsel the

benefit of a strong presumption of reasonableness. *Strickland,* 466 U.S. at 689. At the

PCRA hearing, trial counsel testified that Dr. Blumberg's report was not helpful to the

defense, and would have led to damaging evidence. (Doc. 15-9, N.T. 5/9/13, 63:19-71:25).

Dr. Blumberg's report clearly stated that "the defendant's anger and rage from learning that

his wife had been unfaithful had subsided [at the time he stabbed her]," and essentially

ruled out a heat of passion defense. (Doc. 15-11, p. 21, Blumberg Report). The Superior

Court thus found that trial counsel had a reasonable and rational basis for not calling Dr.

Blumberg as a witness, particularly in light of the fact that his testimony could open the door

to other harmful evidence, namely, that Cleary's previous wife filed a Protection From

Abuse order against him and that he received a medical discharge from the Air Force by

faking a mental illness. This Court finds that the record relied upon by the state courts

supports a finding that trial counsel was not ineffective for failing to present Dr. Blumberg as

a witness at trial. *See United States v. Ciancaglini,* 945 F. Supp. 813, 823 (E.D. Pa. 1996)

("The decisions of which witnesses to call to testify are strategic and therefore left to

counsel.") (citing *Diggs v. Owens,* 833 F.2d 439, 445 (3d Cir. 1987)).

Even if trial counsel's performance was deemed objectively unreasonable, Cleary

has failed to demonstrate prejudice. This Court must determine, in light of the totality of the

evidence, whether there is a reasonable probability that counsel's failure to present this

witness sufficiently undermines confidence in the outcome of Cleary's trial. Consistent with

12

*Strickland*, it was adequately demonstrated that trial counsel was not deficient in his representation of Cleary. He made no "errors so serious" so as to cease functioning as adequate counsel under *Strickland*. As the Superior Court found, Cleary failed to provide a citation to Dr. Blumberg's report, or any other necessary evidence to conclude that the absence of Dr. Blumberg's testimony was prejudicial to Cleary. Cleary failed to demonstrate prejudice as a result of counsel's action, that is, that the outcome of his case would have been different as a result of counsel's performance. Therefore, the Court will deny this ineffective assistance of counsel claim. *See Strickland*, 466 U.S. at 697 (holding that an ineffective assistance claim will be dismissed if the petitioner makes an insufficient showing under either the performance or prejudice prongs).

### B.    Failure to Call Forensic Pathologist Dr. Neil Hoffman

Cleary's next issue is that trial counsel was ineffective for failing to call forensic pathologist Dr. Neil Hoffman as a witness. (Doc. 1, pp. 7-9, 11-13). Cleary contends that trial counsel could have elicited testimony from Dr. Hoffman as to whether Cleary's stab wound was self-inflicted or caused by another individual. (*Id.*). At the PCRA hearing, trial counsel testified regarding the pathologist's findings. (Doc. 15-9, pp. 19-20, PCRA Hearing Transcript). However, the PCRA court's memorandum and order did not address this claim, and Cleary did not pursue this issue on appeal to the Pennsylvania Superior Court. (*See* Doc. 15-16, pp. 3-20, *Commonwealth v. Cleary*, No. 1220-2002, PCRA Memorandum and

13

Order (August 15, 2013); *see also Commonwealth v. Cleary*, 2014 WL 10917427). His failure to timely and properly pursue this claim at the state level constitutes an independent and adequate state ground sufficient to support a procedural default of the claim. *See Barnhart v. Kyler*, 318 F. Supp.2d 250 (M.D. Pa. 2004).

The merits of Cleary's procedurally defaulted claim cannot be reviewed unless he demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the Court does not review the claim. *See McCandless*, 172 F.3d at 260; *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate "cause" for a procedural default, he must point to some objective external factor which impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied only if he can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law. *Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993). Cleary fails to acknowledge his procedural default of this claim, and fails to allege any cause and prejudice to excuse it. *See Teague v. Lane*, 489 U.S. 288, 298 (1989) (holding that the petitioner's failure to allege cause for his default precluded federal habeas review of a defaulted claim). Nor is there any indication that a failure to review this claim will result in a fundamental miscarriage of justice. *See Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015) ("A habeas petition should therefore be denied if it raises claims that were procedurally defaulted in

14

state court" unless "the prisoner can demonstrate cause for the default and actual prejudice

. . . or demonstrate that failure to consider the claims will result in a fundamental

miscarriage of justice.") (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Consequently, Cleary is precluded from pursuing federal habeas corpus relief with regard to

this issue.

Furthermore, any attempt by Cleary to exhaust his state remedies at this time would

be futile because this claim is procedurally defaulted due to waiver of the claim and

expiration of the PCRA statute of limitations. *See* 42 PA. CONS. STAT. § 9544(b) ("For

purposes of this subchapter, an issue is waived if the petitioner could have raised it but

failed to do so before trial, at trial, during unitary review, on appeal or in a prior state

postconviction proceeding"); 42 PA. CONS. STAT. § 9545(b) ("Any petition under this

subchapter, including a second or subsequent petition, shall be filed within one year of the

date the judgment becomes final"). As such, Cleary is in procedural default for failing to

comply with the state filing requirements, and this issue need not be considered here. *See*

*Coleman*, 501 U.S. at 750.

However, given that trial counsel testified at the PCRA hearing regarding the findings

of the forensic pathologist, and out of an abundance of caution, the Court will review this

claim on the merits. At the PCRA hearing, trial counsel testified as follows:

> Q        . . . The other thing about the issue with the stab wound, we were
>           never able to establish the manner in which – that that was an attack

15

wound from anybody else. We were never able – we had a forensic pathologist look at it, and we were never able to get anything that was helpful.

. . .

Q    Mr. Toms, after the incident occurred did Mr. Cleary have a stab wound or knife wound to the right side of his neck that went deep enough to strike his cervical vertebrae?

A    Yes.

Q    So he did have a stab wound in the back of his neck?

A    He had a knife wound in his neck. The question was how did it get there.

Q    Okay. So we're not making something up?

A    No.

Q    He didn't talk about it in a statement to the police but he did in fact have a stab wound?

A    Well, he could have, I mean, the medical personnel treated him for that. So he had a wound and they are variously described as – you can read the medical reports, it is what it is in terms of the depth and everything, whether that's a stab wound or cutting wound or whatever, I mean, a knife can be either.

Our pathologist that took a look at that, I know that Mr. Cleary didn't die but, you know, it was a pathologist that took a look at the medical records and could not make a determination as to how he got that way.

Q    So he couldn't say this definitely was self-inflicted or this definitely was inflicted by –

. . .

A      He was leaning away from inflicted by somebody else . . .

(Doc. 15-9, pp. 19-20, N.T. 5/9/13, 71:20-25; 73-74:16; 74:21-22).

Cleary has failed to meet his burden of showing that trial counsel's performance was deficient, as required to prevail on a claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 688-89. The Court does not hesitate to conclude that trial counsel was not ineffective for failing to present forensic pathologist Dr. Hoffman as a witness. Trial counsel testified that Dr. Hoffman could not opine that the stab wound to Cleary's neck was inflicted by anyone other than Cleary himself, and Dr. Hoffman was leaning towards the conclusion that the wound was self-inflicted. Moreover, at trial, the emergency room surgeon similarly testified that there was no way to determine whether or not Cleary's stab wound was self-inflicted, but that the wound was "most consistent with [a] self-inflicted" wound. (Doc. 15-6, p. 14, N.T. 5/17/05, 13:1-11). Thus, the jury already heard essentially the same opinion that Dr. Hoffman would have provided at trial. The Court concludes that trial counsel had a reasonable and rational basis for not calling Dr. Hoffman as a witness.

However, even assuming that Cleary has shown that trial counsel's performance fell beneath prevailing professional norms, Cleary is unable to show that he suffered prejudice as a result of that deficient performance. In order to prove prejudice, Cleary is required to show that the absence of the forensic pathologist's testimony resulted in "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

17

have been different." *Id.* at 694. The Court finds that Cleary has not demonstrated that a reasonable probability exists that, if trial counsel had called Dr. Hoffman as a witness, he would have been found not guilty. As such, this ineffective assistance of counsel claim will be denied.

### C.    Failure to Call or Investigate Witness Channelle Weeler

Cleary asserts that trial counsel was ineffective for failing to call Channelle Weeler as a witness. (Doc. 1, pp. 9-10, 13-15). Cleary contends that Channelle Weeler would have testified that she overheard the surgeon at the hospital state that Cleary's stab wound may not have been self-inflicted. (*Id.*). The record reflects that Cleary waived this claim under state law. In affirming the PCRA court's order dismissing the petition, the Pennsylvania Superior Court found as follows:

> Lastly, Cleary argues generally that counsel was ineffective for failing to investigate and/or call any defense witnesses. [Cleary's] Brief at 15. We note, however, that this claim is not included in Cleary's PCRA petition or in the concise statement of issues to be determined ordered by the PCRA court prior to the PCRA evidentiary hearing. It is well settled that the "[f]ailure to state . . . a ground [for relief] in the [PCRA] petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief." Pa. R.Crim.P. 902(B). *See also Commonwealth v. Elliott*, 80 A.3d 415, 430 (Pa. 2013). Accordingly, we are constrained to find this issue is waived.

*Commonwealth v. Cleary*, 2014 WL 10917427, at *5.

Clary has waived this claim under state law and, as a result, has procedurally defaulted this claim in this forum. *See Coleman*, 501 U.S. at 750; *Sistrunk v. Vaughn*, 96

18

F.3d 666, 673 (3d Cir. 1996) (concluding, "if the final state court presented with a federal claim refuses to decide its merits based on an established state rule of law independent of the federal claim and adequate to support the refusal, federal habeas review is foreclosed"). Cleary is not entitled to federal habeas review unless he can meet his burden of establishing "cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Norris*, 794 F.3d at 404.

Cleary acknowledges that this claim was not exhausted in state court. (Doc. 1, p. 17). In an attempt to excuse the procedural default of this claim, Cleary argues that PCRA counsel failed to advance this ineffective assistance of trial counsel claim in his PCRA proceedings. (Doc. 1, p. 17; Doc. 24, pp. 26-34; Doc. 27). The United States Supreme Court has recognized that, under certain circumstances, the procedural default of an ineffective assistance of trial counsel claim may be excused where the default was caused by ineffective assistance of counsel in post-conviction collateral proceedings. *See Martinez v. Ryan*, 566 U.S. 1, 6-18 (2012). Specifically, the *Martinez* Court held that:

> [A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 566 U.S. at 17.

The *Martinez* Court limited its holding to cases where "under state law, claims of

19

ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding." *Id.* Shortly thereafter, the Supreme Court revisited its *Martinez* holding, extending it to apply not only to cases where state procedural law expressly prohibited ineffective assistance claims on direct appeal, but also where "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013). The Third Circuit has subsequently examined Pennsylvania procedural law and found that *Martinez* applies in Pennsylvania. *Cox v. Horn*, 757 F.3d 113, 124 n.8 (3d Cir. 2014).

Cleary's claim of ineffective assistance of counsel at his collateral proceedings falls within the scope of the *Martinez* rule. Under *Martinez*, the failure of a federal habeas petitioner's counsel to raise a claim in an initial-review collateral proceeding can constitute cause if: (1) PCRA counsel's failure itself constituted ineffective assistance of counsel under *Strickland*, 466 U.S. at 687; and (2) the underlying ineffective assistance of trial counsel claim is "a substantial one." *Martinez*, 566 U.S. at 14. "Under *Strickland*, courts are precluded from finding that counsel was ineffective unless they find both that counsel's performance fell below an objectively unreasonable standard, and that the defendant was prejudiced by that performance." *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002). A petitioner must overcome the strong presumption that his trial counsel's conduct fell "within

the wide range of reasonable professional assistance" and that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Even if a petitioner demonstrates that his attorney's performance fell below prevailing professional norms, habeas relief will only be available if he further demonstrates that this deficient performance prejudiced his defense. A petitioner must show that there is "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The Court may deny an ineffective assistance of counsel claim solely upon a petitioner's failure to make a sufficient showing under either prong. *Id.* at 687, 697.

In the case at bar, the Superior Court determined that, although this ineffectiveness claim was waived, all of Cleary's ineffective assistance of counsel claims were "wholly without merit." *Commonwealth v. Cleary*, 2014 WL 10917427, at *5. Because the underlying ineffective assistance of counsel claims were found to be meritless, PCRA counsel's failure to advance a meritless claim cannot constitute cause to excuse procedural default. *Martinez*, 566 U.S. at 14. As such, any claim for relief under *Martinez* fails.

The Court thus finds that Cleary has failed to establish any cause and prejudice to excuse his procedural default of this claim. Nor is there any indication that a failure to review this claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750; *Norris*, 794 F.3d at 404. Consequently, Cleary is precluded from pursuing federal

21

habeas corpus relief with regard to this issue. Furthermore, as stated *supra*, any attempt by Cleary to exhaust his state remedies at this time would be futile, because this claim is procedurally defaulted due to waiver of the claim and expiration of the PCRA statute of limitations. *See* 42 PA. CONS. STAT. § 9544(b), 42 PA. CONS. STAT. § 9545(b). As such, this claim is procedurally defaulted in this forum.

## V. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case

22

debatable. As such, a certificate of appealability will not issue.

## VI.  Conclusion

For the reasons set forth above, the Court will deny the petition for writ of habeas corpus. A separate Order shall issue.

Date: March 26, 2019

Robert D. Mariani
United States District Judge